IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DAN AUAPAAU,<br><br>   Plaintiff,<br><br>   vs.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>   Defendant. | Civil No. 24-00176 MWJS-WRP<br><br>ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT |

## ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT

On September 26, 2024, this Court reversed the decision of the Commissioner denying Plaintiff Dan Auapaau's application for Social Security disability insurance benefits and remanded for further administrative proceedings. *Auapaau v. O'Malley*, Civil No. 24-00176, 2024 WL 4301378 (D. Haw. Sept. 26, 2024). The Commissioner has now moved the Court to alter its judgment on grounds of "clear error," ECF No. 24, at PageID.826 (citing Fed. R. Civ. P. 59(e)), and Auapaau has filed an opposition, ECF No. 26. For the reasons that follow, the Commissioner's motion is DENIED.

1. At a hearing before an Administrative Law Judge (ALJ), Auapaau testified that he had been suffering from seizures. *Auapaau*, 2024 WL 4301378, at *1. Auapaau explained that as of April 2022, he was experiencing one seizure per month. *Id.* at *2. He further testified that these seizures would "last for approximately a minute and take

him fifteen minutes to recover," and that even after getting "back to normal," he would still "feel very weak and very sleepy." *Id.* According to Auapaau, his condition had been improving "since he stopped working in February 2020" and his doctor adjusted his prescription. *Id.*

In a written decision issued after the hearing, the ALJ discredited Auapaau's testimony about the severity of his seizure symptoms based on Auapaau's activities of daily living. *Id.* That is, the ALJ found that Auapaau's daily activities were inconsistent with the seizure symptoms Auapaau had described. *Id.*

On appeal to this Court, Auapaau challenged that aspect of the ALJ's reasoning, and the Court agreed with Auapaau's argument. The Court acknowledged that as a general matter, an ALJ may properly discredit a claimant's testimony based on an assessment of their activities. *Id.* at *3. But the Court explained that, in this case, the ALJ did not supply the "specific, cogent reasons" needed to support a finding of that kind. *Id.* at *3-5 (quoting *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007)).

2. In his motion to alter judgment, the Commissioner does not challenge the Court's conclusions concerning Auapaau's activities of daily living. The Commissioner's motion focuses instead on the statement in the ALJ's decision that Auapaau's testimony "about the intensity, persistence, and limiting effects of his symptoms" were "inconsistent with the overall record." ECF No. 15-3, at PageID.53 (Administrative Record (AR) at 23).

In the Commissioner's view, this amounts to contradiction of Auapaau's testimony with the medical record, and the Commissioner argues that such contradiction is a "sufficient basis for rejecting the claimant's subjective testimony." ECF No. 24, at PageID.827 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)).  From that premise, the Commissioner argues that the Court should have affirmed the ALJ's decision, because even if the ALJ had erred in considering activities of daily living, contradiction with the medical record was an independently sufficient basis for the ALJ's decision.  *Id.*

The Court agrees with the Commissioner that "so long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, the error is deemed harmless and does not warrant reversal."  *Mykhaylychenko v. O'Malley*, CV No. 23-00483, 2024 WL 2798073, at *4 (D. Haw. May 31, 2024) (cleaned up) (quoting *Carmickle*, 533 F.3d at 1162).  The Court also agrees that the question, for harmless error purposes, is "whether the ALJ's underlying decision remains supported, in spite of any error, and not whether the ALJ would necessarily reach the same result on remand."  ECF No. 24, at PageID.826 (quoting *Carmickle*, 533 F.3d at 1163 n.4).  Furthermore, the Court agrees that contradiction with the medical record can be a "sufficient basis for rejecting the claimant's subjective testimony."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (quoting *Carmickle*, 533 F.3d at 1161).

3

But the Court does not agree that the ALJ in this case offered sufficient reasons to allow for affirmance on this ground.  The Ninth Circuit has held that to contradict a claimant's symptom testimony with the medical record, an ALJ must provide "clear and convincing" reasons.  *Smartt*, 53 F.4th at 499.  This standard "requires an ALJ to show his work."  *Id.*  Yet the Commissioner's answering brief, and motion to alter judgment, both cite only a single sentence from the ALJ's written decision in support of rejecting Auapaau's symptom testimony based on medical evidence:  the ALJ's statement that Auapaau's symptom testimony was "inconsistent with the overall record."  ECF No. 24, at PageID.827; *see also* ECF No. 19, at PageID.786.  That statement alone is merely a conclusion; it does not offer any reasons whatsoever why the testimony was inconsistent with any aspect of the record.  The cited sentence shows the sum, not the math.  It is not sufficient to satisfy the "clear and convincing" reasons standard.

Though the Commissioner does not otherwise cite the ALJ's actual decision, the Commissioner does cite two other items found in the administrative record.  In both his answering brief and his motion to alter judgment, he cites (1) the fact that Auapaau's doctor said that his seizures "returned to baseline after just 15 minutes," and (2) evidence suggesting that once Auapaau "got on the right medication, he went more than a month between seizures."  ECF No. 24, at PageID.827; *see also* ECF No. 19, at PageID.786-87 (similar).  And while the Commissioner does not cite the ALJ's written

4

decision for these propositions, the ALJ's decision does cite these same exhibits. ECF No. 15-3, at PageID.53 (AR at 23) (Exhibits 2F and 7F).

The ALJ's written decision must be accorded substantial deference to the extent it provides specific reasons for that decision. But here, the decision altogether failed to address a key component of Auapaau's symptom testimony: that his seizure symptoms have improved at least in part because he followed his doctor's instructions and stopped working in 2020. That aspect of Auapaau's testimony, if credited, would establish that the *current* rate and severity of his seizures is not an accurate measure of how seizures would affect him if he were to start performing medium work again. The ALJ, of course, need not have credited this part of Auapaau's testimony. But to discredit it, the ALJ would have needed to provide "clear and convincing" reasons. For example, the ALJ could have offered reasons for rejecting Auapaau's testimony that his symptoms have improved in part because he stopped working. Alternatively, the ALJ could have offered reasons for concluding that Auapaau's symptoms were not as serious as he claimed even *before* he stopped working. Or perhaps the ALJ could have offered reasons for concluding that adjustments to Auapaau's prescriptions were the only material reason for his improvements since 2020 and that his decision to stop working played no material role in that improvement. But the ALJ said none of these things, nor did he say anything else that would similarly support the rejection of

5

Auapaau's symptom testimony based on contradiction with medical evidence.[1]  The ALJ therefore did not offer sufficient reasons to support affirmance on this ground.

Indeed, as Auapaau persuasively argues in his opposition to the Commissioner's motion, it appears that the ALJ's consideration of the "medical evidence" was not at all independent of the ALJ's assessment of Auapaau's activities of daily living.  ECF No. 26, at PageID.833-34.  Although the ALJ pointed to nothing in the medical record to support the conclusion that Auapaau could resume medium work without his seizure symptoms worsening, the ALJ's perception of Auapaau's activities of daily living apparently did attempt to address that point.  That is, the ALJ appeared to have concluded that resuming medium work would not materially worsen Auapaau's symptoms because, in the ALJ's view, Auapaau's activities of daily living were already comparable in some ways to medium work.  The ALJ made no similar observation about medical evidence undermining Auapaau's testimony that his symptoms improved in part because he stopped working.  It therefore appears that when the ALJ wrote that Auapaau's symptom testimony was "inconsistent with the overall record,"

---

[1]  The ALJ did write that "the record indicates that changes to medication or better compliance would improve the claimant's seizure activity."  ECF No. 15-3, at PageID.53 (AR at 23).  But the fact that medication and better compliance could improve Auapaau's seizure symptoms does not mean that returning to work would not worsen them.  Even if there were other reasons for Auapaau's recent improvement, the ALJ offered no basis to reject Auapaau's testimony that his condition had improved in part because he had stopped working at his doctor's instruction—and thus the ALJ offered no reason to conclude that a return to work would not cause Auapaau's condition to deteriorate.

ECF No. 24, at PageID.827, Auapaau's activities of daily living were a significant and necessary support for that conclusion.

That said, it is certainly possible that the ALJ in fact believed that the medical evidence independently undermined that part of Auapaau's testimony.  But the ALJ did not adequately say so.  And the Court may "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."  *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).  As the Court noted in its order, "long-standing principles of administrative law require [a Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."  *Auapaau*, 2024 WL 4301378, at *3 (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009)).

3.  The Commissioner's final argument for altering judgment is that the Court applied the wrong harmless error standard.  Specifically, the Commissioner points to a line in the Court's prior order in which it explained that "the ALJ relied in part on his assessment of Auapaau's activities of daily living, and did not say that he would have reached the same conclusion based solely on his separate assessment of the medical evidence, [and therefore] it is not clear from the current record that the ALJ would necessarily have rejected Auapaau's testimony based on the medical evidence alone."

7

*Id.* at \*5; ECF No. 24, at PageID.826.  This, in the Commissioner's view, is a "clear error" that requires the judgment to be altered.

To the extent this line could be taken to imply that a remand would be warranted *even if* there were independently sufficient grounds to affirm, the Court agrees that would not be an accurate description of the governing harmless error standard.  But the line should not be taken that way; as the Court noted above, it takes no issue with the Commissioner's description of the harmless error standard.  In context, the challenged line in the prior order meant only that the ALJ failed to offer sufficient reasons *independent of Auapaau's activities of daily living* that would support rejecting Auapaau's testimony based on the medical evidence alone.  That is to say, the ALJ's error as to activities of daily living here *does* "negate the validity of the ALJ's ultimate credibility conclusion."  *Carmickle*, 533 F.3d at 1162 (cleaned up).  And for that reason, "the ALJ's underlying decision" *does not* "remain[] supported, in spite of" the error.  ECF No. 24, at PageID.826 (quoting *Carmickle*, 533 F.3d at 1163 n.4).  The Commissioner cannot satisfy the harmless error standard that he himself now advances.

And notably, the motion to alter judgment is the first time the Commissioner has advanced a harmless error argument in this case.  The Commissioner's answering brief did argue that if the Court found error, it should remand rather than outright grant benefits.  ECF No. 19, at PageID.793.  The Court agreed with that argument.  *Auapaau*, 2024 WL 4301378, at \*5.  But the Commissioner's answering brief nowhere set forth the

8

harmless error standard.  Put differently, while the Commissioner argued that there were two different grounds for affirming, he did not argue that an error as to one ground would be harmless error as to another; he in fact made no harmless error argument at all.  *See* ECF No. 19.  Accordingly, he waived the harmless error argument that he now purports to advance.  *See Arik v. Astrue*, No. C 08-5564, 2010 WL 2557493, at *3 (N.D. Cal. 2010) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), for the rule that "a motion for reconsideration may not be used to raise arguments that could have reasonably been raised earlier in the litigation").

\*   \*   \*

For the foregoing reasons, the Commissioner's motion to alter judgment is DENIED.

IT IS SO ORDERED.

DATED:  October 24, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

_____

Civil No. 24-00176 MWJS-WRP; *Dan Auapaau v. Martin O'Malley*; ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT